818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Claire KELLEY, Plaintiff-Appellant,
v.
STATE OF OHIO, Judge Gerry L. Hayes, and Timothy Waterson,
Defendants- Appellees.
 No. 86-3364.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1987.
 
 Before KEITH and NORRIS, Circuit Judges; and PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On February 18, 1986, plaintiff filed a civil rights action under 42 U.S.C. Sec. 1983 in the district court for the Northern District of Ohio. At the time this action was filed, plaintiff faced two pending Ohio criminal prosecutions for driving without a valid driver's license and speeding in violation of Ohio Revised Code Annotated Sec.Sec. 4507.02 and 4511.21. Due to the state trial court's alleged refusal to consider the constitutionality of the two Ohio statutes, plaintiff brought the present action in federal district court seeking to enjoin the pending "bad faith" prosecutions and any future state restriction on her right to "freely travel unimpeded." As grounds for such relief, plaintiff argued that the right of free travel is a fundamental Constitutional right guaranteed to her under the first, fifth, ninth, tenth and fourteenth amendments and articles II and IV of the Ordinance of the Northwest Territory (1787). On February 24, 1986, the district court dismissed plaintiff's action. In so doing, the court reasoned that it lacked subject matter jurisdiction under both 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2254 to grant plaintiff the injunctive relief she requested.
 
 
 3
 Having considered the record and briefs of the parties, we affirm the dismissal of plaintiff's civil rights action.
 
 
 4
 Comity and the basic doctrine of equity jurisdiction demand that the federal courts not unduly interfere with the legitimate activities of the state. Younger v. Harris, 401 U.S. 37, 45 (1971). Although Congress has authorized the federal courts to issue injunctions in SS 1983 actions, Mitchum v. Foster, 407 U.S. 225, 242-43 (1972), the present action presents no extraordinary circumstances sufficient to warrant the drastic measure of enjoining a pending state criminal prosecution. Ex Parte Young, 208 U.S. 123 (1908). The cost, anxiety and inconvenience of having to defend against a criminal prosecution are not sufficient to constitute irreparable harm. Younger v. Harris, 401 U.S. at 46. Nor will the alleged unconstitutionality of a statute challenged on its face be sufficient to justify an injunction against good faith attempts to enforce it. 401 U.S. at 54. As the. factual allegations of the plaintiff's complaint indicate nothing more than a good faith attempt by the defendants to enforce statutes which the plaintiff otherwise believes to be unconstitutional, the district court properly exercised its discretion dismissing plaintiff's action.
 
 
 5
 Accordingly, the February 24, 1986 order of the district court is affirmed, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.